

# The Attorney General of Texas

July 22, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Mapel
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas 77515

Opinion No. JM-527

Re: Whether the mayor of a chapter 11 village is authorized to veto an ordinance or resolution adopted by the board of aldermen

Dear Mr. Mapel:

You have asked whether the mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., has the authority to "veto" an ordinance or resolution adopted by the board of aldermen. See V.T.C.S. arts. 1133-1153. You inform us that the village in question was organized pursuant to chapter 11, and that the board of aldermen of the village has never adopted the provisions of chapter 1 through 10 of Title 28, V.T.C.S. You also inform us that in the past the mayor of the village has utilized article 997, V.T.C.S., to "veto" ordinances or resolutions duly adopted by the board of aldermen.

As a preliminary matter, municipal corporations within this state are one of three types. Those municipal corporations organized under chapters 1 through 10 or chapter 11 of Title 28 are "general law cities" as distinguished from "home rule" cities that are organized pursuant to article XI, section 5, of the Texas Constitution. See Attorney General Opinion JM-169 (1984). Villages incorporated under chapter 11 have powers more limited than those organized under chapters 1 through 10. Id.

General law cities can exercise only those powers that are expressly or impliedly conferred by law, and such power will be implied only when such power is reasonably incident to those expressly granted or is essential to the object and purposes of the corporation. See City of West Lake Hills v. Westwood Legal Defense Fund, 598 S.W.2d 681, 683 (Tex. Civ. App. – Waco 1980, no writ). Article 997, V.T.C.S., which authorizes a mayor to "veto" resolutions and ordinances adopted by a city council, is found in chapter 3 of Title 28. See V.T.C.S. art. 997.

Although chapter 11 authorizes the adoption of chapters 1 through 10, see V.T.C.S. art. 961, you have informed us that the village in question has not done so. Article 997 does not authorize the mayor of

a chapter 11 village to "veto" resolutions and ordinances adopted by the board of aldermen. Chapter 11 of Title 28 is devoid of any provision which expressly or impliedly confers such "veto" power on the mayor. Consequently, we conclude that the mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., does not have the authority to "veto" resolutions and ordinances adopted by the board of aldermen. This conclusion is consistent with Attorney General Opinion MW-394 (1981). In that opinion, this office held that a town organized pursuant to chapter 11 of Title 28, V.T.C.S., cannot utilize articles 998, 999, 999a, of chapter 3 of Title 28, without following the prerequisites of article 961. See generally Attorney General Opinion MW-394 (1981).

## S U M M A R Y

The mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., may not utilize article 997, V.T.C.S., to "veto" resolutions and ordinances adopted by the board of aldermen.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General